UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNESTO CONTAWE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COUNTY OF SAN MATEO, et al.,<br><br>　　　　Defendants. | Case No. 15-cv-00222-JD<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 26 |

In this action involving ten claims for relief under 42 U.S.C. § 1983 and California statutory and common law, defendant County of San Mateo has filed a motion to dismiss, or in the alternative, for a more definite statement. Dkt. No. 26. The Court finds the motion suitable for decision on the papers pursuant to Civil Local Rule 7-1(b), vacates the hearing that was set for April 29, 2015, and grants the motion to dismiss.

## BACKGROUND

Plaintiff Ernesto Contawe alleges that on February 4, 2014, when he was seventy-nine years old, he was sitting "in the economy seat [] of Manila Bound Philippine Airlines, Flight number PR 105, when he was detained by security guards asking for his flight ticket and passport." Dkt. No. 1 ("Compl.") ¶ 30.[1] Contawe claims that "two uniformed guards or law enforcement personnel" then drove him to Maguire Correctional Facility in Redwood City, where he was interrogated on suspicion of "drug trafficking and writing bad checks." *Id.* ¶ 31. He alleges that he was held at this facility for over fifty hours before "he was released and forced to sign several documents." *Id.* ¶ 33. Plaintiff also alleges that he was "recovering from right knee

---

[1] The complaint is ambiguous about whether plaintiff is now deceased, *see*, *e.g.*, Compl. ¶¶ 109, 111 (referring to plaintiff as "decedent" and alleging that plaintiff "ultimately died"), but the Court will refer to him in the present tense, as does the complaint.

surgery," and because of this, he "was in excruciating physical pain." *Id.* ¶ 34. He claims that he "has residual post traumatic stress and has suffered irreparably," and that because he "was not provided sufficient care" following his "incarceration," he has suffered "extreme physical and emotional pain and suffering." *Id.* ¶¶ 34-35.

Plaintiff's complaint sets forth multiple 42 U.S.C. § 1983 claims as well as state law claims including false imprisonment and battery, naming as defendants the City and County of San Francisco, County of San Mateo, Covenant Aviation Security, LLC, Department of Homeland Security, and the U.S. Department of Justice.[2] Plaintiff alleges that every defendant "had the legal duty to oversee and supervise the hiring, conduct, and employment of each and every Defendant," and that defendants "ratified all of the acts complained of herein." *Id.* ¶¶ 19-20.

The County of San Mateo ("the County" or "defendant") moves to dismiss all of plaintiff's causes of action for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 26. Defendant alternatively moves for a more definite statement under Federal Rule of Civil Procedure 12(e). *Id.*

## DISCUSSION

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly* at 556). In evaluating a motion to dismiss, the Court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in his or her favor. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the Court need not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). If the Court dismisses a complaint, it "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured

---

[2] Defendants City and County of San Francisco and Covenant Aviation Security, LLC have since been dismissed from the case. Dkt. Nos. 22, 25.

by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (internal quotation marks and citation omitted).

Plaintiff's first five claims involve violations of 42 U.S.C. § 1983, including use of excessive force and denial of medical care. Compl. ¶¶ 36-73. It appears only the first, second and fifth of these are asserted against the County. *See id.* at 9, 10 and 12.

"[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978). But plaintiff here has not adequately alleged a "policy or custom" by the County of San Mateo that is asserted to have caused plaintiff's injury. Indeed, plaintiff's allegations about actions undertaken by "security guards or law enforcement personnel," *see*, *e.g.*, Compl. ¶¶ 31-32, are so vague and perfunctory that they give the County "little idea where to begin" in preparing a response to the complaint. *Twombly*, 550 U.S. at 565 n.10. Plaintiff responds that he "cannot allege more specific facts without the opportunity to conduct discovery," Dkt. No. 30 at 2, but this has the standard backwards. He must meet the plausibility standard of *Twombly* first, *before* he can have that opportunity. His complaint patently does not.

Plaintiff's complaint additionally alleges five claims under California state law against County, but these claims are based on the same factual allegations discussed above and must be dismissed for the same reason. Plaintiff provides just four paragraphs of actual factual allegations, *see* Compl. ¶¶ 30-33, and while these paragraphs need not provide the level of detail required by Federal Rule of Civil Procedure 9(b), they must provide more than plaintiff has done here. Even for facts that must plainly be within plaintiff's knowledge -- *e.g.*, what documents was plaintiff "forced to sign" when he was being released? -- none are set forth in the complaint. In sum, plaintiff has not alleged sufficient facts to make his claims against the County plausible or to give the County fair notice of what his claims against County are, and his complaint consequently must be dismissed.

3

**CONCLUSION**

The County of San Mateo's motion to dismiss is granted without prejudice, and its motion for a more definite statement is denied as moot. Plaintiff, if he wishes to do so, must file an amended complaint within 14 days of this order. The amended complaint must rectify the deficiencies identified above and remove the defendants who have been dismissed. The amended complaint may not add any new defendants or claims for relief without leave of Court. If plaintiff chooses to amend, the amended complaint must also state whether he is currently alive, whether he was alive at the time the initial complaint was filed, and if he is not currently alive, why these claims survive his death.

**IT IS SO ORDERED.**

Dated: April 27, 2015

_____
JAMES DONATO
United States District Judge