UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNESTO CONTAWE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COUNTY OF SAN MATEO, et al.,<br><br>　　　　Defendants. | Case No. 15-cv-00222-JD<br><br>**ORDER DISMISSING CASE**<br><br>Re: Dkt. No. 61 |

Before the Court is defendant County of San Mateo's motion to dismiss the case pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. Dkt. No. 61. The Court finds the motion suitable for disposition without oral argument under Civil Local Rule 7-1(b), grants the motion on the papers, and dismisses the case.

**BACKGROUND**

On April 21, 2016, the Court granted in part and denied in part defendants' prior motions to dismiss. Dkt. No. 56. The federal defendants were dismissed from the case altogether for various pleading deficiencies. The order made clear that the only possible basis for federal jurisdiction in this case was plaintiff's claims under 42 U.S.C. §1983. The Court found insufficient, and consequently dismissed, the § 1983 claims against the County of San Mateo, but plaintiff was given one final opportunity to amend his complaint, by July 19, 2016.

While the Court found that plaintiff had sufficiently alleged § 1983 claims against the County Doe defendants in this case, the Court ordered plaintiff to identify and serve those Doe defendants by July 19, 2016. Given that this case was filed on January 15, 2015, this was a generous extension of the 90-day deadline that otherwise would have applied under Rule 4(m) of the Federal Rules of Civil Procedure.

Plaintiff neither amended his complaint nor served any County Doe defendant by the July 19, 2016 deadline set by the Court.

**DISCUSSION**

Under Rule 41(b), "the district court may dismiss an action for failure to comply with any order of the court." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992). The rule also authorizes dismissal for a plaintiff's failure to prosecute or to comply with the Federal Rules of Civil Procedure. Fed. R. Civ. P. 41(b). "[T]he district court must weigh the following factors in determining whether a Rule 41(b) dismissal is warranted: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). The *Henderson* factors "are 'not a series of conditions precedent before the judge can do anything,' but a 'way for a district judge to think about what to do.'" *In re Phenylpropanolamine (PPA) Prods. Liab. Litig. (In re PPA)*, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted). Dismissal is appropriate "where at least four factors support dismissal . . . or where at least three factors 'strongly' support dismissal." *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998).

Analysis of the first two *Henderson* factors strongly points toward dismissal. "[T]he public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). The Court's need to manage its docket also weighs in favor of dismissal. Non-compliance with procedural rules and the Court's orders wastes "valuable time that [the Court] could have devoted to other . . . criminal and civil cases on its docket." *Ferdik*, 963 F.2d at 1261.

The Court finds that here, the fifth factor -- the availability of less drastic sanctions -- also favors dismissal. Plaintiff has been given multiple opportunities to amend his complaint, and the Court has further addressed the deficiencies in his prior complaints expressly and in detail. Dkt. Nos. 32, 47, 56. As noted above, plaintiff was also given a generous extension of his deadline to identify and serve the Doe defendants who he had named from the very beginning of this case.

*See* Dkt. No. 1. Further, the Court expressly noted that plaintiff would be "given one final opportunity to amend." Dkt. No. 56; *see Ferdik*, 963 F.2d at 1262 ("a district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the consideration of alternatives requirement."). Last but not least, the consequence of plaintiff's failure to follow the Court's orders is that there is neither a validly stated § 1983 claim against the County of San Mateo, nor are there any defendants in the case for whom plaintiff has stated a sufficient § 1983 claim against whom he can proceed. In this context, there is no case left over which the Court can properly exercise federal subject matter jurisdiction. It goes without saying that "[f]ederal courts are courts of limited jurisdiction," *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994), and "federal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction." *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011).

To close the loop on the analysis of the *Henderson* factors, the Court finds that even if the third and fourth factors might arguably weigh against dismissal, on balance, an involuntary dismissal under Rule 41(b) of the Federal Rules is the appropriate course in this situation.

## CONCLUSION

The case is dismissed and the file will be closed.

**IT IS SO ORDERED.**

Dated: September 14, 2016

_____
JAMES DONATO
United States District Judge